# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 06-CR-92 |
| **MONTRELLE DESHON JOHNSON** | USM Number: 08308-089 |
| | Victor E. Plantinga |
| | Defendant's Attorney |
| | Erica N. O'Neil |
| | Assistant United States Attorney |

U.S. DIST COURT EAST DIST WISC
FILED
JUN 2 2008
AT_____O'CLOCK_____M
JON W SANFILIPPO, CLERK

**THE DEFENDANT:**

☒ pleaded guilty on October 17, 2006, to count one of a 5-count Indictment.

☐ pleaded nolo contendere to count(s)_____ which was accepted by the court.

☐ was found guilty on count(s)_____ after a plea of not guilty.

The defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), and (b)(1)(A) and 846 | Conspiracy to distribute 50 grams or more of cocaine base | August 1, 2005 | One |

The defendant is sentenced as provided in Pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)_____

☒ Counts 2, 3, 4 and 5 of the Indictment ☐ is ☒ are dismissed on the motion of the United States as to this defendant.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

May 29, 2008
Date of Imposition of Judgment

*(signature)*
Signature of Judicial Officer

**C. N. Clevert, Jr., U. S. District Judge**
Name & Title of Judicial Officer

6/2/2008
Date

AO 245B (Rev. 06/05) Judgment in a Criminal Case:
Sheet 2 - Imprisonment

Defendant: Montrelle Deshon Johnson
Case Number: 06-CR-92

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to **one-hundred sixty-eight (168) months imprisonment as to count one of the 5-count Indictment. This sentence shall run concurrently with the sentence imposed on the defendant in Milwaukee County Circuit Court Case No. 05CF3913.**

☒ The court makes the following recommendations to the Bureau of Prisons:
    Participation in Inmate Financial Responsibility Program to facilitate payment of the Special Assessment;
    Placement as close as possible to Milwaukee, Wisconsin; and
    Participation in the "500 Hour" Drug Treatment Program

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**Defendant: Montrelle Deshon Johnson**
**Case Number: 06-CR-92**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years** as to count one of a 5-count Indictment.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess any controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as directed.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

Defendant: Montrelle Deshon Johnson
Case Number: 06-CR-92

## ADDITIONAL TERMS OF SUPERVISED RELEASE

1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

2. The defendant shall not possess any firearms, ammunition, or other dangerous weapons, as such possession will result in revocation of the supervision term and subject the defendant to a further term of imprisonment.

3. Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess or unlawfully use any controlled substance, as such possession or use will result in revocation of the supervision term and subject the defendant to a further term of imprisonment.

4. The defendant shall not associate with any member, prospect, or associate member of the Gangster Disciples or any other gang. The defendant shall have no communication whatsoever with the Gangster Disciples or any other gang.

5. The defendant shall participate in a program of testing, to include not more than six (6) urinalysis tests within each year of supervision and residential or outpatient treatment for drug and alcohol abuse, as directed by the supervising probation officer, until he is released from such program by the supervising probation officer. The defendant shall pay the cost of this program as directed by the supervising probation officer.

6. The defendant shall cooperate in the collection of DNA under the guidance and supervision of the supervising probation officer.

7. As a condition of supervised release, the defendant shall repay the $5,125.00 in buy money at a rate on not less than $50.00 per month, to the Bureau of Alcohol, Tobacco and Firearms (ATF), ATTN: Special Agent Loren Common, 1000 N. Water Street, Suite 1700, Milwaukee, Wisconsin, 53202. This financial obligation is joint and several with co-defendants David Burrell and Dana Burrell. The defendant shall apply 100% of any annual federal and/or state income tax refund toward payment of the buy money.

8. The defendant shall provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed on time with copies provided to the supervising probation officer immediately upon filing.

9. The defendant shall cooperate with the Child Support Enforcement Unit in payment of any child support or arrearages and to make regular payments under the guidance and supervision of his supervising probation officer.

10. To the extent that there is a balance due and owing on the Special Assessment upon the defendant's release from imprisonment, then he shall pay the Special Assessment in full prior to repaying the buy money. The defendant shall repay the Special Assessment at a rate of not less than $10.00 per month.

11. Until the defendant has satisfied his financial obligations in this case, he shall not open any new lines of credit, which includes the leasing of any vehicle or other property, or use existing credit resources, without the prior approval of his supervising probation officer.

**\*NOTE\***

IF THE DEFENDANT COMPLETES HIS FIRST YEAR OF SUPERVISION WITHOUT ANY VIOLATION, HE MAY PETITION THE COURT FOR EARLY DISCHARGE FROM THIS TERM OF SUPERVISED RELEASE.

**Defendant: Montrelle Deshon Johnson**
**Case Number: 06-CR-92**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution /** | **Buy Money** |
|---|---|---|---|---|
| **Totals:** | $100.00 | None | None | $5,125.00 |

☒ **The defendant shall repay the buy money as a condition of supervised release.**

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| **Totals:** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
  ☒ the interest requirement is waived for the ☐ fine ☐ restitution ☒ buy money.
  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Judgment in a Criminal Case:
Sheet 6 - Schedule of Payments

**Defendant: Montrelle Deshon Johnson**
**Case Number: 06-CR-92**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payment of $100.00 for the Special Assessment is due immediately. If the defendant cannot make full and immediate payment, then the balance is to be paid

☐ not later than _____, or

☒ in accordance ☐ C, ☐ D, ☐ E or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties: The defendant is to participate in the Inmate Financial Responsibility Program to facilitate payment of the Special Assessment. The buy money shall be repaid as a condition of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ **Repayment of the buy money in the amount of $5,125.00 is a joint and several obligation with co-defendants David Burrell and Dana Burrell.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit his/her interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.